USDC DNJ
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  September 23, 2020

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IN RE:  VIDEO CONFERENCING  AND | : | **SECOND EXTENSION** |
| TELECONFERENCING FOR CRIMINAL | : | **OF AMENDED** |
| PROCEEDINGS UNDER THE CARES ACT | : | **STANDING ORDER 2020-06** |

**WHEREAS**, on March 13, 2020, a national emergency was declared under the National Emergency Act, 50 U.S.C. § 1601, *et. seq.*, in light of the COVID-19 pandemic;

**WHEREAS**, on March 27, 2020, Congress enacted the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), authorizing the use of video and telephone conferencing, under certain circumstances and with the consent of the defendant, for various criminal case events during the course of the COVID-19 emergency, *see* The CARES Act, H.R. 748, pursuant to certain findings by the Judicial Conference of the United States;

**WHEREAS**, on March 29, 2020, the Judicial Conference found that emergency conditions, consistent with the national emergency declared with respect to COVID–19, will materially affect the functioning of the federal courts ("Judicial Conference's finding"); and

**WHEREAS**, on March 30, 2020, pursuant to Sections 15002(b)(1) and (b)(2) of the CARES Act, as Chief Judge, I found that criminal proceedings, and specifically, felony pleas and felony sentencings, could not be conducted in person without seriously jeopardizing public health and safety, and therefore entered Standing Order 2020-06, authorizing video and telephone conferencing in criminal proceedings in conformance with the CARES Act, and further ordered that the authorization in Standing Order 2020-06 would be reviewed 90 days hence, or on June 28, 2020, pursuant to Section 15002(b)(3)(A) of the CARES Act, to determine whether it should be extended;

**WHEREAS**, on April 2, 2020, Standing Order 2020-06 was amended to provide a reminder of the prohibition against photographing, recording, livestreaming on the internet and rebroadcasting of court proceedings, consistent with Rule 53 of the Federal Rules of Criminal Procedure;

**WHEREAS**, on June 28, 2020, the afore-mentioned emergency declaration and Judicial Conference's finding remained in effect, and as Chief Judge, I found that felony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure could not be conducted in person in this Court without seriously jeopardizing public health and safety, and therefore ordered the Extension of Amended Standing Order 2020-06; and

**WHEREAS**, I further ordered in the Extension of Amended Standing Order 2020-06 that the authorization provided therein would be reviewed 90 days hence to determine whether it should be further extended;

**WHEREAS**, on this day, September 23, 2020, the afore-mentioned emergency declaration and Judicial Conference's finding remain in effect; and

**WHEREAS**, I, as Chief Judge, find, pursuant to Section 15002(b)(1) of the CARES Act, that criminal proceedings still cannot be conducted in person without seriously jeopardizing public health and safety, and that pursuant to Section 15002(b)(2) of the CARES Act, felony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure also cannot be conducted in person in this Court without seriously jeopardizing public health and safety; and

**WHEREAS**, I, as Chief Judge, make the findings herein due to:  (1) enhanced risks to a defendant and others resulting from or attendant to the process of transfer from and to a detention center to/from the Court; (2) enhanced risks to the population of a detention center attendant to the physical participation of a defendant in a proceeding with a number of other participants outside of such detention center followed by return of that defendant to a detention center from outside of the detention center; (3) enhanced risks to proceeding participants attendant to such persons convening in a central physical location after arriving there from disparate locales; (4) on-going difficulty or inability due to medical privacy laws or otherwise to fully assess in advance whether any participant in an in-person proceeding is at an enhanced medical risk due to his/her specific circumstances; (5) that as to those defendants in pre-trial or pre-sentencing custody, each of the detention centers utilized in this District maintain policies that require those in custody to enter a fourteen (14) day period of isolation or quarantine upon return to a detention center from any court appearance due to public health and safety concerns; (6) one or more of those detention centers maintain policies limiting or prohibiting "in person" meetings with legal counsel for public health and safety reasons; and (7) for public health and safety reasons, this Court has not approved a "resumption of operations" phase whereby "in person" proceedings can be or are to be routinely held; (8) for those same public health and safety reasons, I have determined and find that upon more extensive restoration of operations, a very limited number of courtrooms with limited staffing will be utilized so as to provide for the safe and sanitary conduct of proceedings, and therefore, for public health and safety reasons and due to that limitation on courtroom usage and staffing protocols for those reasons, requiring only "in person" proceedings will necessarily contribute to a material delay in the conduct of proceedings to which defendants would otherwise consent and would desire be conducted by video conferencing to preserve and advance the ends of justice in their specific case; and

**WHEREAS**, I further find that the above-listed conditions are expected to exist for all or substantially all of the period of time covered by this Order, and that video and teleconference proceedings held pursuant to the Court's Orders of March 30, 2020 and June 28, 2020 have been effective and have substantially furthered the ends of justice and have substantially avoided causing serious harm to the interests of justice, particularly as to the interests of the defendants who have consented to the same. Further, in these regards, I have also given due consideration to the reasonable requests made by the United States Attorney's Office, Federal Public Defender

and CJA Panel Representative for this District that criminal docket proceedings proceed in any prudent fashion while at the same time in-person, in-court proceedings be minimized to the extent prudent, reasonably possible, and permitted by law in order to mitigate any enhanced health and other risks to the participants in such proceedings; it is hereby

**ORDERED**, pursuant to Section 15002(b)(3) of the CARES Act, that the authorization in Amended Standing Order 2020-6 is further extended for an additional 90 days from the date of this Order, unless this Order is terminated or vacated prior to such date according to the procedures set forth in the last paragraph of this Order; and it is further

**ORDERED** that, in lieu of personal appearance, and with the consent of the defendant after consultation with counsel, video conferencing, or telephone conferencing if video conferencing is not reasonably available, is continued to be authorized for use for and in all proceedings pursuant to the terms of Section 15002(b) of the CARES Act, and more specifically as to the following criminal proceedings as set forth in Section 15002(b)(1) of the CARES Act, with the consent of the defendant or the involved juvenile as is required by law and after consultation with counsel:

1. Detention hearings under Section 3142 of Title 18, United States Code;

2. Initial appearances under Rule 5 of Federal Rules of Criminal Procedure;

3. Preliminary hearings under Rule 5.1 of Federal Rules of Criminal Procedure;

4. Waivers of indictment under Rule 7(b) of Federal Rules of Criminal Procedure;

5. Arraignments under Rule 10 of Federal Rules of Criminal Procedure;

6. Probation and supervised release revocation proceedings under Rule 32.1 of Federal Rules of Criminal Procedure;

7. Pretrial release revocation proceedings under Section 3148 of Title 18, United States Code;

8. Appearances under Rule 40 of Federal Rules of Criminal Procedure;

9. Misdemeanor pleas and sentencings as described in Rule 43(b)(2) of Federal Rules of Criminal Procedure; and

10. Proceedings under chapter 403 of Title 18, United States Code (the "Federal Juvenile Delinquency Act"), except for contested transfer hearings and juvenile delinquency adjudication or trial proceedings; and it is further

**ORDERED** that if a judge in an individual case finds, for specific reasons, that any felony plea or felony sentencing, or any equivalent plea and sentencing, as well as proceedings

under the Federal Juvenile Delinquency Act, cannot be further delayed without serious harm to the interests of justice, then, with the consent of the defendant, or the juvenile, after consultation with counsel, the plea, sentencing or any equivalent proceeding, may be conducted by video conference, or by telephone conference if video conferencing is not reasonably available; however, if for any reason, the defendant, either on bail or in custody, in a particular criminal matter does not consent to video conferencing or telephone conference, the assigned judicial officer may conduct the plea, sentencing or any equivalent proceeding through in-person hearings.

**ORDERED** that if, 90 days from the date of this Order, the emergency declaration remains in effect, along with the Judicial Conference's finding that the emergency conditions will materially affect the functioning of the federal courts, the Chief Judge shall review the authorization described in Amended Standing Order 2020-06 and determine whether it shall be further extended.  Pursuant to Section 15002(b)(3)(A) of the CARES Act, such review will occur at least once every 90 days, until the last day of the covered emergency period, or until the Chief Judge determines that the authorization is no longer warranted.  Should the above-referenced emergency declaration or the Judicial Conference's finding terminate or be revoked prior to the expiration of 90 days from the date of this Order, this Order may then be vacated according to law.

DATED:  September 23, 2020

Hon. Freda L. Wolfson
U.S. Chief District Judge
District of New Jersey